

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CARL FRANZEN** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MICHAEL J. ASTRUE,** | § | **Civil No. SA-06-CA-903-XR** |
| **Commissioner of the Social Security** | § | |
| **Administration** | § | |
| | § | |
| **Defendant** | § | |
| | § | |
| | § | |

## ORDER

Plaintiff timely filed his objections to the Magistrate Judge's Report and Recommendation affirming the Commissioner's finding that Plaintiff is not disabled. Having reviewed the Report and Recommendation, Plaintiff's objections, the underlying case record, and the applicable law, the Court **AFFIRMS** the Commissioner's decision to deny benefits and **DENIES** Plaintiff's motion for remand. Judgment is entered for Defendant and against Plaintiff, each side to bear its own costs.

## I.  PROCEDURAL BACKGROUND

On April 20, 2004, Plaintiff filed an application for Disability Insurance Benefits, alleging he became disabled in 2001. The Social Security Administration denied him benefits initially and on reconsideration.

On May 10, 2006, an Administrative Law Judge (ALJ) issued an order denying Plaintiff his requested benefits, finding he could still perform work that existed in significant quantities in the

national economy.

Plaintiff sought review of the ALJ's decision from the Appeal Council, which concluded that no basis existed to review the ALJ's decision. Thus, on May 10, 2006, the ALJ's determination became the final decision of the Commissioner. Plaintiff appealed that decision to this Court, which referred the matter to the Magistrate Judge for a Report and Recommendation (R&R). Having found the R&R adverse to his position, Plaintiff filed objections with this Court, which are addressed below.

## II.  STANDARD OF REVIEW

The Court's review of the Commissioner's decision to deny disability benefits is limited to a determination of whether (1) the decision is supported by the evidence, and (2) the Commissioner applied the proper legal standards in evaluating the evidence.[1]  If the Commissioner's findings are supported by substantial evidence, the determination must be affirmed.[2]  Evidence is considered substantial if it is more than a scintilla, less than a preponderance, and if a reasonable mind might accept it as adequate to support a conclusion.[3]  A rejection of the Commissioner's finding is appropriate only if no credible choices or contrary medical evidence exists.[4]

The Court does not re-weigh the evidence, try the issues *de novo*, or substitute its judgement for the Commissioner's.[5]  Any conflict in the evidence is for the Commissioner to resolve.[6]  In

---

[1] *Boyd v. Apfel,* 239 F.3d 698, 704 (5th Cir. 2001).

[2] *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

[3] *Boyd*, 239 F.3d at 704.

[4] *Abshire*, 848 F.2d at 640.

[5] *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

[6] *Id*.

determining whether substantial evidence supports the Commissioner's determination, the following four elements of proof are weighed: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) the claimant's age, education, and work experience.[7]

## III.  LEGAL FRAMEWORK OF THE SOCIAL SECURITY ACT

The term "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[8]  A person shall be determined to be disabled

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.[9]

To determine if a claimant qualifies as disabled under the Social Security Act, the Commissioner makes the following sequential inquiry: (1) is the claimant engaged in substantial gainful activity; (2) does the claimant have a severe impairment; (3) does the impairment meet or equal an impairment listed in 20 C.F.R. § 404, Subpt. P, App. 1; (4) does the impairment prevent the claimant from doing past relevant work; and (5) does the impairment prevent the claimant from doing any other work.[10]  The claimant bears the burden of proving the first four requirements.  If the

---

[7] *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).

[8] 42 U.S.C. § 423 (d)(1)(A).

[9] 42 U.S.C. § 423 (d)(2)(A).

[10] 20 C.F.R. §§ 404.1520, 416.920.

claimant establishes these elements, the burden then shifts to the Commissioner to prove that the impairment does not prevent the claimant from performing other jobs.[11]  If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative work.[12]

## IV.  PLAINTIFF'S OBJECTIONS

Plaintiff lodged three distinct objections to the Magistrate's R&R, being: (1) the ALJ did not apply the proper legal standard in determining Plaintiff's Carpal Tunnel Syndrome ("CTS") was not a severe impediment, and that the ALJ failed to consider the effects of CTS on Plaintiff's residual functional capacity ("RFC"); (2) the ALJ erred by rejecting a treating physician's opinion without applying the proper standard; and (3) the ALJ applied an incorrect legal standard when evaluating Plaintiff's credibility.[13]  Each objection will be addressed below.

### A.  ALJ's determinations concerning CTS and alleged effects on Plaintiff's RFC

Plaintiff's main argument concerning the evidence purporting to show Plaintiff suffered from CTS centers around the ALJ's apparent disregard of medical records from 2001.[14]  Plaintiff takes issue with the Magistrate Judge's R&R stating that the ALJ is given the discretion to refuse to evaluate medical records from "a time significantly prior to when plaintiff protectively filed for benefits", because such records are irrelevant.[15]  The ALJ is required to "develop [plaintiff's] complete medical history for *at least* the 12 months preceding the month in which [plaintiff] file[s]

---

[11] *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999).

[12] *Id*.

[13] Docket No. 20.

[14] *Id*. at 1.

[15] *Id.* (quoting Docket No. 14 at 20).

[his] application unless there is a reason to believe that development of an earlier period is necessary. . . ."[16]  This section of the C.F.R. grants the ALJ discretion to determine whether to develop a medical history beyond the minimum twelve months.  Also, this section establishes the starting point for the compilation of medical history as being the  the date of filing of an application for benefits.  Plaintiff asserts "[m]edical evidence that relates to the period after the Plaintiff's alleged onset date of disability is necessarily relevant to the determination of whether a claimant is disabled for purposes of the Social Security Act."[17]  Plaintiff misinterprets the *Ivy* case.  In *Ivy*, the Court of Appeals stated that the claimant's statement regarding the onset of the alleged disability is to be used to determine the *date of disability*.[18]  The Court of Appeals, however, does not address whether the claimant's statement determines the date for compiling medical history, as Plaintiff suggests.  That date is set by the C.F.R. as the date of filing  an application for benefits.[19]

Even if the ALJ was obligated to evaluate medical evidence from a time period of three years before the date of filing, the evidence Plaintiff cites does not contradict the Magistrate Judge's finding that "the record contains no medical evidence showing specific functional limitations resulting from carpal tunnel syndrome."[20]  Plaintiff argues that medical records indicate he suffered limitations as a result of CTS.[21]  However, the evidence cited fails to adequately controvert the ALJ's determination.   Specifically, Plaintiff proffers three pieces of evidence to support his claim he

---

[16] 20 C.F.R. § 1512(d) (emphasis added).

[17] Docket No. 20 at 2 (citing *Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990)).

[18] See *Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990).

[19] 20 C.F.R. § 1512(d).

[20] Docket No. 14 at 20.

[21] Docket No. 20 at 2.

suffered functional limitations as a direct result of CTS.[22]  The first of these is the report of Dr. Paul T. Geibel, dated September 13, 2001, which provides a history of Plaintiff's present illness stating Plaintiff has "neck pain into his arms with numbness and tingling."[23]  This report further gives a clinical impression "[ruling] out underlying carpal tunnel syndrome."[24]  The second piece of evidence is a report by Dr. Bill D. Davis, dated October 21, 2001, which notes "numbness and tingling of both hands."[25]  This alone does not indicate the source of the tingling and numbness, but the report continues to give an impression that there is "evidence of an entrapment neuropathy of both median nerves at the wrist consistent with carpal tunnel syndrome."[26]  Lastly, Plaintiff offers a medical note dated October 28, 2002, reflecting a message from Plaintiff complaining of pain in both shoulders and his right elbow.[27]  Nevertheless, despite considering these three pieces of evidence, the ALJ found substantial evidence to the contrary supporting a denial of benefits.

Accordingly, Plaintiff's assertion that the ALJ failed to consider CTS as part of her assessment of Plaintiff's RFC is untenable.  The evidence merely reflects subjective complaints of pain in areas where CTS may cause pain, but none of the evidence affirmatively states the pain is specifically caused by CTS, or, more importantly, how such pain results in specific functional limitations.  In sum, substantial evidence does not exist contradicting the ALJ's conclusions concerning Plaintiff's alleged CTS.

---

[22] *Id.*

[23] Transcript at 127.

[24] *Id.* at 128.

[25] Transcript at 106.

[26] *Id.*

[27] Transcript at 245.

## B.  ALJ's rejection of treating physician's opinion

Plaintiff argues the ALJ erred in her rejection of Dr. Swann's opinion concerning Plaintiff's disability status by failing to engage in the analysis set forth by the Fifth Circuit Court of Appeals in *Newton v. Apfel*[28] and by the Code of Federal Regulations.[29]  *Newton* requires the ALJ to conduct a six-factor analysis before rejecting a claimant's treating physician's opinion.[30]  However, the ALJ may give little weight, or completely reject a treating physician's opinion when there is reliable medical evidence from a treating or examining physician that controverts the treating specialist's opinion.[31]  Essentially, an ALJ may disregard or assign little weight to the testimony of a treating physician if contrary and reliable medical evidence exists; only if none exists must the ALJ undergo a six-factor analysis to determine what, if any, weight to be given to the treating physician's opinion.

Plaintiff argues the ALJ failed to comply with the *Newton* requirements by not pointing out "competing first-hand medical evidence or a contrary medical opinion . . . ." before giving little or no weight to Plaintiff's treating physician's opinions.[32]  It does appear, however, that the ALJ explicitly noted the presence of contrary medical evidence which she deemed credible, thus obviating the need to conduct the *Newton* six factor analysis.[33]  The evidence cited by the ALJ includes records from Dr. Swann's own examinations, the Plaintiff's statements regarding his daily activities, opinions of the State Agency medical consultants, Dr. Leong's testimony, and medical records from

---

[28] Docket No. 20 at 3.

[29] 20 C.F.R. § 404.1527(d).

[30] *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000).

[31] *Id*. at 453.

[32] Docket No. 20 at 4.

[33] Transcript at 20.

Dr. Pete Nguyen.[34]  Accordingly, it appears the ALJ performed a review of the pertinent medical evidence and properly exercised her discretion in giving little or no weight to the testimony of Plaintiff's treating physician, Dr. Swann, and in doing so, eliminated the need for the six-factor analysis found in the C.F.R.

### C.  ALJ's determination of Plaintiff's credibility

Plaintiff's final argument revolves around the ALJ's evaluation of Plaintiff's credibility.[35] Plaintiff correctly articulates the two-part analysis regarding the ALJ's evaluation of symptoms in that the ALJ must first determine whether there is an impairment which could reasonably cause the claimant's pain, and if one is found, the ALJ must then evaluate how, if at all, the impairment limits the claimant's ability to work.[36]

As part of the second prong analysis, the ALJ may consider all the record, including the claimant's own statements, to determine whether there is substantiating evidence regarding the alleged intensity of pain and functional limitations.[37]  If the ALJ finds that the individual's statements concerning his level of pain and symptoms are unsubstantiated by the record, an inquiry into the claimant's credibility is necessary.[38]  As part of this inquiry into the individual's statements, the ALJ may look to the entire record, including the claimant's "own statements about the symptoms, any statements and other information provided by treating or examining physicians . . . and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case

---

[34] *Id.*

[35] Docket No. 20 at 4.

[36] *Id.* at 5 (citing SSR 96-7p, 1996 WL 374186 at *2).

[37] SSR 96-7p, 1996 WL 374186 at *2.

[38] *Id.*

record."[39]  "The evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ, who has had an opportunity to observe whether the person seems to be disabled."[40]  Clearly the ALJ is the proper person to determine claimant's credibility concerning statements made in regards to subjective pain observations.  The ALJ's credibility determinations should be given judicial deference if such a determination is "supported by substantial record evidence."[41]

It cannot be found that the ALJ failed to comply with her duties to consider both the subjective and objective evidence concerning Plaintiff's intensity, duration, or limiting effect of his pain.  The ALJ's report details the objective medical evidence and statements which contradict Plaintiff's allegations as to the effect and intensity of his pain.[42]  Bearing in mind the deference afforded the ALJ with regards to determinations of credibility, this Court does not find that the ALJ's decisions are not based on substantial evidence.

### D.  Conclusion

In the Fifth Circuit, an ALJ is under no duty to enumerate all evidence in support of, or all evidence contrary to, her decision.[43]  Because the ALJ's decision is based upon substantial evidence

---

[39] *Id.*

[40] *Loya v. Heckler*, 707 F.2d 211, 215 (5th Cir. 1983) (citing *Laffoon v. Califano*, 558 F.2d 253, 255 (5th Cir. 1977)).

[41] *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

[42] Transcript at 17-22.

[43] *James J. Flanagan Stevedores, Inc. v. Gallagher*, 219 F.3d 426, 430 (5th Cir. 2000) (noting that the 5th Circuit has expressly rejected the 3rd Circuit's requirement of strict disclosure of evidence used to make certain Social Security benefits decisions).

and was derived according to correct legal principles, this Court is not at liberty to substitute its own judgment regarding the weight of and conflicts in the evidence.[44]

Accordingly, the Commissioner's decision is **AFFIRMED**; Plaintiff's motion for remand[45] is **DENIED**; and judgment is entered for Defendant and against Plaintiff, each side to bear its own costs.

SIGNED this 11th day of January, 2008.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[44] *Chaparro v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987).

[45] Docket No. 9 at 15.